UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-23355

MAGALI MARTINEZ RAMIREZ,

    Plaintiff,

vs.

SOFIA ANEAS and
YUDELKIS SAN JUAN MACHIN,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Magali Martinez Ramirez, sues Defendants, Sofia Aneas and Yudelkis San Juan Machin, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Magali Martinez Ramirez**, was and is a *sui juris* resident of Broward County, Florida, at all times material.

2.    Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.    Plaintiff was a non-exempt employee of Defendants.

4.    Plaintiff consents to participate in this lawsuit

5.    **Defendant, Sofia Aneas,** was and is an owner / officer / director of Children First Consultants Inc., for the relevant time period. She ran its day-to-day operations, made financial decisions for Children First Consultants Inc., had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

6. **Defendant, Yudelkis San Juan Machin,** was and is an owner / officer / director of Children First Consultants Inc., for the relevant time period. She ran its day-to-day operations, made financial decisions for Children First Consultants Inc., had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. Both Defendants employed Plaintiff.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Children First Consultants Inc. maintained its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in this District, where payment was to be received.

11. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Magali Martinez Ramirez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

13. Defendants and their company, Children First Consultants Inc., regularly

2

employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business (Children's First Consultants, Inc.) an enterprise covered under the Fair Labor Standards Act.

14. Defendants and their company, Children First Consultants Inc., have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendants and their company, Children First Consultants Inc., also communicated with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

16. Furthermore, Defendants and their company, Children First Consultants Inc., engaged in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

17. The gross annual revenues derived from this interstate commerce by Defendants and their company, Children First Consultants Inc., are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

18. In particular, Defendants own and operated Children First Consultants Inc., an agency that provided therapy to patients at their home using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

3

19. Plaintiff worked in a non-exempt capacity for Defendants and their company, Children First Consultants Inc.

20. In particular, Plaintiff worked for Defendants and their company, Children First Consultants Inc., as a behavioral therapist from approximately April 2017 to July 2019.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants and/or their company, Children First Consultants Inc.

22. Defendants and their company, Children First Consultants Inc., agreed to pay Plaintiff at the rate of $28.00 per hour.

23. Defendants and their company, Children First Consultants Inc., required that Plaintiff drive to perform work at the homes of two patients, to drive between their homes for at least 15 minutes per day, and also required her to work additional hours each night doing paperwork.

24. Defendants and their company, Children First Consultants Inc., failed and refused to pay Plaintiff *at all* for the hours that she worked from approximately April 2017 to July 2019.

25. Children First Consultants, Inc. is currently a debtor in bankruptcy.

26. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours she worked.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least a minimum wage for all hours worked, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

28.     Plaintiff is entitled to a backpay award of at least the applicable minimum wage for all hours worked from approximately, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Magali Martinez Ramirez, demands the entry of a judgment in her favor and against Defendants, Sofia Aneas and Yudelkis San Juan Machin, jointly and severally, and after trial by jury and as follows:

    a.  That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.  That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.  That Plaintiff recover all interest allowed by law;

    e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.  Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **COUNT II – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Magali Martinez Ramirez, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

29. Defendants and their company, Children First Consultants Inc., regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business (Children's First Consultants, Inc.) an enterprise covered under the Fair Labor Standards Act.

30. Defendants and their company, Children First Consultants Inc., have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

31. Defendants and their company, Children First Consultants Inc., also communicated with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

32. Furthermore, Defendants and their company, Children First Consultants Inc., engaged in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

33. The gross annual revenues derived from this interstate commerce by Defendants and their company, Children First Consultants Inc., are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

34. In particular, Defendants own and operated Children First Consultants Inc., an agency that provided therapy to patients at their home using computers, software, phones,

6

computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

35. Plaintiff worked in a non-exempt capacity for Defendants and their company, Children First Consultants Inc.

36. In particular, Plaintiff worked for Defendants and their company, Children First Consultants Inc., as a behavioral therapist from approximately April 2017 to July 2019.

37. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants and/or their company, Children First Consultants Inc.

38. Defendants and their company, Children First Consultants Inc., agreed to pay Plaintiff at the rate of $28.00 per hour.

39. Defendants and their company, Children First Consultants Inc., required that Plaintiff drive to perform work at the homes of two patients, to drive between their homes for at least 15 minutes per day, and also required her to work additional hours each night doing paperwork.

40. Defendants and their company, Children First Consultants Inc., failed and refused to pay Plaintiff *at all* for the hours that she worked from approximately April 2017 to July 2019.

41. Children First Consultants, Inc. is currently a debtor in bankruptcy.

42. Defendants and their company, Children First Consultants Inc., agreed to pay Plaintiff at the rate of $28.00.

43. Defendants and their company, Children First Consultants Inc., required that

Plaintiff drive to perform work at the homes of two patients, to drive between their homes for approximately 15 minutes per day, and also required her to work additional hours each night doing paperwork.

44. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants and their company, Children First Consultants Inc.

45. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time she worked for them as a result of their tracking the hours she worked and then paying her at her regular rate of pay for all documented hours worked beyond 40 in a workweek (except for the days worked she was not paid) and by not paying her *at all* for the additional time that she spent traveling in between clients and preparing the documentation but which time she did not document based on the instructions she received from Defendants.

46. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times her regular rate of pay for all hours worked over 40 hours in a workweek.

47. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Magali Martinez Ramirez, demands the entry of a judgment in her favor and against Defendants, Sofia Aneas and Yudelkis San Juan Machin, jointly and severally, and after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiff, Magali Martinez Ramirez, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

48. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

49. Plaintiff Defendants verbally agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $28.00 for each hour thatshe worked for them.

50. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

51. Defendants, however, failed and refused to perform their obligation to timely paysher at the rate of $28.00 for each of work thatshe worked for Defendants, thereby breaching the oral contract/agreement they had.

52. Defendants breached their obligation to timely pay Plaintiff at the rate of $28.00 for each hour of work that she performed for Defendants, thereby breaching the oral contracts/agreements they had.

53. Plaintiff has been damaged as a result of Defendants' failure to pay her at the agreed-upon hourly rate for the work she performed in a timely manner.

WHEREFORE Plaintiff, Magali Martinez Ramirez, demands the entry of a judgment in her favor and against Defendants, Sofia Aneas and Yudelkis San Juan Machin, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **COUNT VI – UNJUST ENRICHMENT**

Plaintiff, Magali Martinez Ramirez, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

10

54. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

   a. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by him.

   b. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants.

   c. Plaintiff provided food and produce needed by Defendants for their business, as requested, and they received and accepted the benefits of the food and produce he supplied.

   d. Defendants also failed and refused to reimburse Plaintiff for the employment-related expenses she incurred in purchasing food/produce for them.

   e. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits she conferred upon them between approximately December 18, 2019 and January 13, 2020.

WHEREFORE Plaintiff, Magali Martinez Ramirez, demands the entry of a judgment in her favor and against Defendants, Sofia Aneas and Yudelkis San Juan Machin, jointly and

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Magali Martinez Ramirez, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of August 2020.

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 N. Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:    305.230.4884
>*Counsel for Plaintiff*